UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

LINDA TRENT,  Case No. 15-cv-1209

    Plaintiff,

vs.

PERFORMANT RECOVERY, INC.

    Defendant.

# COMPLAINT

NOW COMES, Plaintiff, Linda Trent, by and through her attorneys, DeLadurantey Law Office, LLC, and complains of Defendant, Performant Recovery, Inc. and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

### Nature of the Action

1. This lawsuit arises from the collection attempts of the Defendant.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

**Jurisdiction and Venue**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d), as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

4. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

5. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant is a foreign corporations, with a principal place of business in California. They are subject to personal jurisdiction in Wisconsin, since they conduct business in Wisconsin.

**Parties**

6. Plaintiff Linda Trent (hereinafter "Ms. Trent") is a natural person who resides in the City of Racine, County of Racine, State of Wisconsin.

7. Defendant Performant Recovery, Inc. (hereinafter "Defendant Performant") is a debt collection company with a principle office address of 333 North Canyons Pkwy, #100, Livermore, CA 94551. They have a registered agent of Douglas E. Akey, 3956 County Rd G. Oshkosh, WI 54904.

**BACKGROUND**

8. In or around 2003, Ms. Trent took out a Parent Plus student loan for her daughter's education.

9. Eventually, Ms. Trent was unable to make monthly payment, and the loan went into default.

10. Defendant Performant was hired to collect on the loan.

11. Towards the end of 2014, Defendant Performant started to send collection letters to Ms. Trent.

12. On or around November 12, 2014, Ms. Trent spoke with a representative of Defendant Performant who identified herself as Maddison Johnson.

13. Maddison Johnson informed Ms. Trent that if she signed up for automatic payments of $5/month for nine months, her loan would no longer be in default.

14. Ms. Trent agreed to this and had Maddison Johnson set up an automatic payment from her checking account.

15. Maddison Johnson confirmed the arrangement with a letter to Ms. Trent that stated in part, "We have set you up on an automatic payment, thereby ensuring that your future payments are always made in a timely manner, saving you time and money."

16. Defendant Performant took out a $5 payment in November 2014.

17. Defendant Performant did not, however, take out monthly payments even though Ms. Trent was relying on them to take the payments.

18. Ms. Trent received a letter dated March 3, 2015 from the Department of the Treasury, in which they informed her that due to the defaulted status on her loan, they were garnishing $141.90 from her monthly Social Security check. She was again garnished in April and May, 2015 at the same dollar amount.

19. On or about March 2, 2015, Ms. Trent spoke with a representative of Defendant Performant who identified himself as Tim Steele who again informed her about the rehabilitation program.

20. On March 20, 2015, Ms. Trent sent a fax to Defendant Performant, stating that she was being garnished from social security and that she had already given permission for the $5/month amount to come out of her checking account.

21. On March 22, 2015, Ms. Trent entered into a rehabilitation agreement regarding her student loans, requiring a payment of $5/month.

22. Once again automatic payments were set up, but this time, the payments were actually taken from her checking account.

23. Due to Performant not withdrawing the $5 payments in early 2015, Ms. Trent's socially security was garnished, causing her to have insufficient funds to pay all of her bills. There was not enough money for her to make her car payments. She missed several months of payments, and then they filed a lawsuit against her for non-payment and obtained a judgment, which included attorney's fees for the creditor. She was able to work out a payment plan with the car lender to allow her to make payments on her car to keep her car, but she has to pay approximately $100 more per month.

**Count 1 – Violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692)**

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendant Performant is a debt collector as defined by 15 U.S.C. §1692a(6).

26. Ms. Trent is a "consumer" as defined by 15 U.S.C. §1962a(3).

27. The foregoing acts and omissions of Defendant Performant and its agents constitute numerous and multiple violations of the FDCP including, but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692f(6), with respect to Plaintiff.

28. Specifically, Defendant Performant cannot enter an agreement and promise to take funds from a consumer's account and then not follow through on the agreement.

29. As a result of the Defendant's conduct, Ms. Trent has suffered emotional distress and mental anguish.

30. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from Defendant Performant.

## **Trial by Jury**

31. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Ms. Trent prays that this Court will enter judgment against Defendant Performant as follows:

A. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);

B. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

D. for such other and further relief as may be just and proper.

Dated this 12th day of October, 2015.

                              DeLadurantey Law Office, LLC

                              s/ Heidi N. Miller
                              Nathan E. DeLadurantey
                              Heidi N. Miller
                              735 W. Wisconsin Ave, Suite 720
                              Milwaukee, WI 53233
                              (414) 377-0515; (414) 755-0860 – Fax
                              Nathan@dela-law.com
                              Heidi@dela-law.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN        )
                          ) ss
COUNTY OF _Milwaukee_     )

Plaintiff Linda Trent, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Linda Trent

Subscribed and sworn to before me
this _8_ day of _OCT_, 2015.

_____
Notary Public
My commission is permanent

[Notary Seal: HEIDI N. MILLER, NOTARY PUBLIC, STATE OF WISCONSIN]